IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 122-8 |
| v. | ) | Honorable Maria Valdez |
| | ) | |
| MELVIN HOLMES | ) | |

## DEFENDANT'S MOTION FOR PRETRIAL RELEASE

Defendant, MELVIN HOLMES, by his attorney, Thomas More Leinenweber, respectfully requests this Court consider setting reasonable pretrial release conditions of bail pursuant, to 18 U.S.C. § 3142, in order that he may be reunited with his family during the pendency of his case. In support thereof, Defendant states as follows:

1. Defendant Holmes was arrested on February 12, 2008, pursuant to an arrest warrant issued by this Court. At the time of his arrest, Mr. Holmes was calm and cooperative and posed no problems to the arresting officers.

2. The initial Pretrial Services Report filed in this case by Pretrial Services Officer Deanna Chatman specifically recommended that: "Although the defendant does present the above noted risks, there appears to be a combination of conditions which may be fashioned which would reasonably assure his presence at future court hearings and could insure the safety of the community. However, this office is unaware of any available collateral to secure bond, if released. Therefore, at this time this office respectfully recommends that the defendant be detained." Defendant Holmes now seeks to be released upon the posting of an automobile as collateral for his bond.

1

4. Mr. Holmes is a 43 year old citizen of this country and a thirty year resident of Joliet. Most of his relatives, and many friends, live in the Chicago area. As the pretrial services report evidences, Mr. Holmes' sister, Sheila Holmes, his mother, Alberta Holmes and his girlfriend, Ebony Madison, have all offered to be co-signers on any bond set for Mr. Holmes, as well as be a third party custodian. His uncle, Edward Holmes, is also willing to put up the title of his car to secure Mr. Holmes' release.

5. Mr. Holmes is currently being held in Kankakee County Jail. He has no history of substance abuse or alcohol abuse and he is ready and willing to abide by any drug testing through the pretrial services office if he is released.

6. As stated earlier, Mr. Holmes's uncle is willing to put up the title to his car. The car is owned free and clear. A 1995 GMC pick-up truck is valued at between $3,425 and 4,345. Many of the family members plan to be in court on the date this motion will be heard. Copies of the title and Kelly Blue Book estimate are attached as exhibit 1.[1]

8. Mr. Holmes is willing to abide by any and all condition that this Court or Pretrial Services may deem necessary to assure his appearance and protect the community. Because of the nature of the charges in this case, he is not asking for an unsecured bond. He is prepared to post the car title, have his girlfriend or other family member assume third party custody, submit to electronic monitoring and have relatives and friends co-sign a bond for whatever this Court deems appropriate.

---

[1] The directions for the new e-filing system include a directive not to include "sensitive" information in filings, including home addresses, birthdates, names of minor children, or sensitive financial information. For this reason, the addresses are blocked out in this filing. Documentation underlying these titles is being supplied to pretrial and the government under separate cover, and can be made available to the Court if needed.

Mr. Holmes submits that once this Court considers the factors listed in 18 U.S.C. 3142 (g), this Court can safely order his release, subject to whatever other conditions this Court deems appropriate. See 18 U.S.C. 3142 (c)(1)(B).

9. As the Supreme Court held in United States v. Salerno, 481 US 739, 755 (1987), "In our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." This presumption of release is encapsulated in the bail statute, 18 U.S.C. § 3142. Congress's purpose in enacting the Bail Reform Act of 1984 was to detain a "small but identifiable group of particularly dangerous defendants."[2] Accordingly, the statute states that the Court "shall order" pretrial release, 18 U.S.C. § 3142(b), except in certain narrow circumstances. Even if the Court determines under 18 U.S.C. § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions," that will "reasonably assure," not definitively guarantee, the defendant's appearance at court and the safety of the community. 18 U.S.C. § 3142(c)(1). The Court may only detain a defendant as a danger to the community if it finds, by clear and convincing evidence, that there is no combination of conditions that will reasonably assure the safety of the community. 18 U.S.C. § 3142(e), (f).

---

[2] See David N. Adair, Jr., "Looking at the Law," Federal Probation (Washington, D.C. March 1993) at 74.

3

10. Although there is a presumption of detention in Mr. Holmes' case, the presumption is rebuttable. See 18 U.S.C. § 3142(e). Mr. Holmes need not show that he is innocent of the charged crime to rebut the presumption. United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986). In a presumption case, the burden of persuasion continues to rest with the government at all times. The defendant simply bears the burden of producing "some evidence that he will not flee or endanger the community if released," which the Seventh Circuit has held is not a heavy burden to meet. Id. "Any evidence favorable to a defendant that comes within a category listed in § 3142(g) can affect the operation of one or both of the presumptions, including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record, and other types of evidence encompassed in 3142(g)(2)" Id. Once a defendant has come forward with some evidence pursuant to 3142(g), the Court must weigh the presumption along with all the other factors listed in 3142(g). See id. at 707 ("Once this burden of production is met, the presumption is 'rebutted' in the sense that word was used in Jessup. Use of that word in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).") (citing United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985)).

WHEREFORE, for all the foregoing reasons, Melvin Holmes respectfully requests that this Court order his release pending trial on reasonable conditions of bail.

Respectfully submitted,


S/Thomas More Leinenweber
Thomas More Leinenweber

Thomas More Leinenweber
Leinenweber & Baroni, LLC
321 South Plymouth Court, Suite 1515
Chicago, Illinois 60604
312-663-3003